UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAMELA DUARTE**,<br><br>        Plaintiff,<br><br>        v.<br><br>**MICHAEL EDWARD NOLAN, <u>et al.</u>**,<br><br>        Defendants. | Case No. 15-cv-01396 (CRC) |

**MEMORANDUM OPINION**

Saying that it does business in "Washington, D.C." might be useful shorthand for a California company with an office in Northern Virginia. It is not enough, however, to establish personal jurisdiction in a case arising from an alleged tort committed by one of the company's employees in Virginia. Plaintiff Pamela Duarte, a District of Columbia resident, alleges that she was injured when a truck rear-ended the car she was driving in Richmond, Virginia. She has filed this negligence action against the driver of the truck, a California resident, and his employer, an engineering and construction company headquartered in San Diego. Both Defendants move to dismiss the suit for want of personal jurisdiction and improper venue in the District of Columbia. Because Duarte has failed to plead sufficient facts to establish personal jurisdiction, the Court will grant Defendants' motions on that basis.

**I.     Background**

On or about May 4, 2013, Pamela Duarte rented a 2012 Chevrolet Cruze from a Budget Rent-a-Car in the District of Columbia. Second Mot. Leave Amend Pl.'s First Am. Compl. Ex. 1

("Compl.") ¶ 9, ECF No. 15-1.[1]  While stopped on the shoulder of Route 64 in Richmond, Virginia, Duarte's rental was rear-ended by a truck driven by Defendant Michael Edward Nolan.  Id. ¶ 10.  Duarte alleges that at time of the collision, Nolan was an employee of Helix Electric, Inc. "working on a project for his company in the State of Virginia."  Id. ¶ 19.  Helix is a national corporation in the business of electrical engineering and construction with its principal place of business in San Diego, California and offices in Hawaii, Nevada, Virginia, and elsewhere in California.  Id. ¶ 7.  Duarte alleges that even though Helix does not maintain an office in the District of Columbia, it "engages in a persistent course of business" here.  Id.  Duarte is a citizen of the District of Columbia; Nolan is a citizen of California.  Id. ¶¶ 4–5.

Duarte commenced this action on August 27, 2015, and filed her First Amended Complaint on December 11, 2015.  She has since moved twice for leave to amend her First Amended Complaint.  In her most recent filing, she alleges that Nolan, acting within the scope of his employment with Helix, negligently collided with her vehicle, causing her to incur "serious injuries" as well as economic and medical expenses.  Id. ¶¶ 20–21, 23.  In addition, Duarte's rental car sustained significant damage totaling around $18,000.  Id. ¶ 22.  She seeks $1,000,000 in damages.

Both Defendants have moved to dismiss Duarte's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), arguing that the Court lacks personal jurisdiction over them and that venue is improper in the District of Columbia under 28 U.S.C. § 1391(b)(2).  Duarte contests these points and additionally requests that she be allowed to

---

[1] Duarte's allegations are drawn from her second motion for leave to amend her First Amended Complaint.  Although the Court will deny as futile her first and second motions for leave to amend, it resolves the pending motions to dismiss under the set of allegations Duarte considers most favorable to her—those contained in her most recent motion for leave to amend.

engage in jurisdictional discovery to confirm the propriety of exercising personal jurisdiction over both Defendants.

**II.     Standard of Review**

A plaintiff "bear[s] the burden of establishing personal jurisdiction over the defendants." Clay v. Blue Hackle N. Am. L.L.C., 907 F. Supp. 2d 85, 87 (D.D.C. 2012).  To establish personal jurisdiction, a plaintiff "'must allege specific acts connecting [the] defendant with the forum' and 'cannot rely on conclusory allegations.'"  Id. (quoting Second Amend. Found. v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001); Purdue Research Found. v. Sanofi-Synthelabo, S.A., 332 F. Supp. 2d 63, 66 (D.D.C. 2004)).  Moreover, a plaintiff "cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant."  Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 42 (D.D.C. 2003).

To overcome a motion to dismiss for lack of personal jurisdiction, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Moldauer v. Constellation Brands, Inc., 87 F. Supp. 3d 148, 152–53 (D.D.C. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  In deciding whether to grant a 12(b)(2) motion to dismiss for lack of personal jurisdiction, a court "may consider relevant material outside of the pleadings."  Id. at 152.  Any "factual discrepancies appearing in the record must be resolved in favor of the plaintiff."  Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990).

**III.   Analysis**

Defendants contend that the Court should dismiss Duarte's Complaint because she has failed to meet her burden of establishing personal jurisdiction over each of them. The Court agrees and will grant the motions to dismiss.[2]

      A.    <u>Legal Standard for Personal Jurisdiction</u>

Two forms of personal jurisdiction empower a court to exercise coercive authority over a non-resident defendant: general and specific jurisdiction. General jurisdiction arises when the "non-resident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular suit." <u>App Dynamic ehf v. Vignisson</u>, 87 F. Supp. 3d 322, 326 (D.D.C. 2015) (citing <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414–15 (1984)). Section 13-422 of the D.C. Code enables a District of Columbia court to exercise general jurisdiction "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." When a corporate defendant is neither incorporated in nor has its principal place of business in the forum state, "a court has general jurisdiction over the defendant only if its 'affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum state.'" <u>Moldauer</u>, 87 F. Supp. 3d at 154 (quoting <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 751 (2014)). "The corporation's contacts with the State must constitute 'continuous corporate operations' that are 'so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" <u>Id.</u> (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 318 (1945)).

---

[2] It is therefore unnecessary to address Defendants' additional defense of improper venue.

Conversely, specific jurisdiction exists over a non-resident defendant where the claim arises "out of or [is] related to the defendant's contacts with the forum."  Helicopteros, 466 U.S. at 414 n.8.  "A plaintiff seeking to establish specific jurisdiction over a non-resident must establish that specific jurisdiction comports with the forum's long-arm statute, D.C. Code § 13-423(a), and does not violate due process."  FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1094–95 (D.C. Cir. 2008).

The District of Columbia's long-arm statute permits the "exercise [of] personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief *arising from*" the defendant's

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13-423(a) (emphasis added).  The next section of the statute reiterates that when personal jurisdiction over a defendant is based solely on § 13-423(a), "only a claim for relief arising from acts enumerated in this section may be asserted against him."  D.C. Code § 13-423(b).

### B.   Personal Jurisdiction Over Nolan

Duarte first contends that this Court has personal jurisdiction over Nolan pursuant to 28 U.S.C. § 1332(a), the federal diversity statute.  Pl.'s Opp'n Def. Nolan's Mot. Dismiss 3.  This argument is misplaced.  Although the Court enjoys *subject-matter* jurisdiction over Duarte's claims under § 1332(a), this federal statutory provision does not simultaneously vest the Court with *personal* jurisdiction over Defendants.

5

Duarte next argues that this Court may exercise general personal jurisdiction over Nolan by virtue of his employment with Helix—which allegedly maintains sufficient contacts with the District of Columbia to establish all-purpose personal jurisdiction over it—because Nolan was acting within the scope of his employment at the time the vehicle collision occurred. Id. at 5. But Duarte fails to consider that "[e]ach defendant's contacts with the forum State must be assessed individually." Calder v. Jones, 465 U.S. 783, 790 (1984) (citing Rush v. Savchuk, 444 U.S. 320, 332 (1980)). Even assuming that the Court could exercise general jurisdiction over Helix, "as a general rule, courts cannot exert jurisdiction over individual corporate officers or employees 'just because the court has jurisdiction over the corporation.'" Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc., 631 F. Supp. 2d 1, 5 (D.D.C. 2009) (quoting Kopff v. Battaglia, 425 F. Supp. 2d 76, 84 (D.D.C. 2006)). That elementary principle has been held not to apply only when an individual defendant is "integrally involved" in the operation of the corporation, as by "directing or controlling company policy." Id. (quoting Kopff, 425 F. Supp. 2d at 85) (internal quotation marks omitted). But Duarte has not pled any facts suggesting that Nolan fits into this narrow category; she has merely stated that Nolan "serves as a Superintendent" for Helix. Compl. ¶ 18. Accordingly, the Court cannot exercise general personal jurisdiction over Nolan simply because of his employment with Helix.

Nor is there any other basis for general jurisdiction over Nolan. Duarte acknowledges that Nolan is a resident and citizen of California, Compl. ¶ 5, and is therefore not a "person domiciled in" the District of Columbia, D.C. Code § 13-422. She twice asserts that Nolan "engages in a persistent course of business in the District of Columbia." Compl. ¶ 3, 8. Yet these are wholly "conclusory allegations," not "specific [f]acts connecting [Nolan] with the forum." Clay, 907 F. Supp. 2d at 87. Other than Nolan's alleged presence in Virginia on May 4,

6

2013, Duarte has offered no reason to believe that Nolan performs persistent work anywhere other than California. He is not alleged to have *any* specific contacts in the District, let alone "systematic and continuous" ones. App Dynamic ehf, 87 F. Supp. 3d at 326. Therefore, Duarte has not alleged a sufficient basis for the Court to exercise general personal jurisdiction over Nolan.

Duarte has also failed to show that any of § 13-423(a)'s subsections provide a hook for specific personal jurisdiction over Nolan. Her Complaint contains no factual allegations that Nolan has "transact[ed] any business in the District of Columbia" or "contract[ed] to supply services in the District of Columbia." D.C. Code § 13-423(a)(1)–(2). Nor has Duarte alleged that Nolan "caus[ed] tortious injury in the District of Columbia" by either "an act or omission in the District of Columbia" or one "outside the District of Columbia," id. § 13-423(a)(3)–(4), for she claims that Nolan caused her injury (by colliding with her rental car) in *Virginia*.

Duarte disputes this characterization, asserting that Nolan caused tortious injury in the District of Columbia—and that § 13-423(a)(4) is therefore satisfied—because her injuries "are 'felt with the greatest force' in the District." Pl.'s Opp'n Def. Nolan's Mot. Dismiss 6 (quoting Crane v. Carr, 814 F.2d 758, 760 (D.C. Cir. 1987)). Yet Nolan is plainly alleged to have caused tortious injury *outside* the District, the lingering effects of which were felt within the District only because Duarte happened to travel there after suffering an injury elsewhere. See also Ross v. Prod. Dev. Co., 736 F. Supp. 285, 289 (D.D.C. 1989) (holding that the defendant had not "caused . . . any injury within the District" because the plaintiff, a resident of the District, was "struck . . . at the Pentagon in Arlington, Virginia"); cf. Walden v. Fiore, 134 S. Ct. 1115, 1125 (2014) (finding an absence of minimum contacts to permit specific jurisdiction over a defendant in Nevada after noting that the plaintiffs "[were injured] in Nevada not because anything

independently occurred there, but because Nevada is where [they] chose to be at a time when they desired to use the funds seized by [the defendant]"). Regardless, (a)(4) does not apply unless the defendant "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from . . . services rendered" in the District. D.C. Code § 13-423(a)(4). Even accepting Duarte's factual allegations as true, the Court has no basis to conclude that any of these conditions applies to Nolan. In sum, because Duarte has failed to satisfy any of the D.C. long-arm statute's prongs as to Nolan, the Court is powerless to exercise specific personal jurisdiction over him. Since neither form of personal jurisdiction is proper as to Nolan, the Court will therefore grant his motion to dismiss.

### C. Personal Jurisdiction Over Helix

Helix has also moved to dismiss Duarte's claims against it for lack of personal jurisdiction. On top of mistakenly restating that the federal diversity statute enables personal jurisdiction here, Duarte argues that the Court enjoys general personal jurisdiction over Helix because it "regularly engages in a persistent course of conduct in the Washington Metropolitan area to include the District of Columbia." Pl.'s Opp'n Def. Helix's Mot. Dismiss 4. Her reasons for this conclusion are twofold: On its website, Helix maintains a "Contact Us" page with its Chantilly, Virginia office address listed under the descriptor "Washington, D.C.," id. Ex. 1, at 2, and its website lists four job openings in "Washington DC," id. Ex. 2, at 1.

Based on these allegations, the Court declines to exercise general jurisdiction over Helix. As Duarte acknowledges, Helix's principal place of business is in San Diego, California, Compl. ¶ 7, and she has not alleged that Helix is "organized under the laws of" the District of Columbia. D.C. Code § 13-422. Moreover, that Helix maintains an office in nearby Chantilly, Virginia and once advertised four open positions in "Washington, D.C." are insufficient to demonstrate that its

affiliations with the District of Columbia are "so constant and pervasive 'as to render [it] essentially at home'" here. Daimler AG, 134 S. Ct. at 751 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)). As the Supreme Court recently emphasized, this standard requires a plaintiff to show more than that a defendant "engages in a substantial, continuous, and systematic course of business" in a particular state, id. at 761, as many large corporations do throughout the entire nation. Because Duarte's allegations hardly allow the Court to infer that Helix is "at home" in Washington D.C., the Court may not exercise general jurisdiction over Nolan's employer.

Duarte has also failed to plead sufficient facts to allow the Court to assert specific personal jurisdiction over Helix. It is well-established that "[a] court with specific jurisdiction may only adjudicate those claims that arise out of the conduct that triggered its jurisdiction." Terry v. Dewine, 75 F. Supp. 3d 512, 522 (D.D.C. 2014). Duarte alleges that "at the scene of the accident, Defendant Nolan advised Plaintiff that he was working on a project for his company in the State of Virginia." Compl. ¶ 19. So even if Duarte has adequately alleged that Helix "transact[s] . . . business in the District of Columbia," D.C. Code § 13-423(a)(1), the Court cannot plausibly infer that her negligence claim "ar[ose] from" Helix's transacting business in the *District*, as opposed to Virginia, id. § 13-423(a). Consequently, this Court lacks specific personal jurisdiction over Helix.

### D.     Jurisdictional Discovery

Alternatively, Duarte requests that the Court allow her to conduct jurisdictional discovery before resolving the motions to dismiss. Pl.'s Opp'n Def. Helix's Mot. Dismiss 8. District courts have "broad discretion to allow or disallow [jurisdictional] discovery sought." In re Fort Totten Metrorail Cases, 756 F. Supp. 2d 132, 135 (D.D.C. 2010). Although such discovery "is

9

generally to be 'freely permitted,'" it is "justified only if the plaintiff reasonably 'demonstrates that it can supplement its jurisdictional allegations through discovery.'" <u>Urban Inst. v. FINCON Servs.</u>, 681 F. Supp. 2d 41, 48 (D.D.C. 2010) (quoting <u>Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.</u>, 638 F. Supp. 2d 1, 11 (D.D.C. 2009)). "A generalized request for jurisdictional discovery in an attempt to establish personal jurisdiction over a defendant is not sufficient." <u>Orellana v. CropLife Int'l</u>, 740 F. Supp. 2d 33, 40 (D.D.C. 2010). Accordingly, "a plaintiff must include *some* facts about what additional discovery could produce." <u>App Dynamic ehf</u>, 87 F. Supp. 3d at 329 (quoting <u>Shaheen v. Smith</u>, 994 F. Supp. 2d 77, 89 (D.D.C. 2013)) (internal quotation marks omitted). Without an explanation along these lines, it would be "'inappropriate to subject [defendants] to the burden and expense of discovery.'" <u>App Dynamic ehf</u>, 87 F. Supp. 3d at 329 (alteration in original) (quoting <u>Atlantigas Corp.</u>, 290 F. Supp. 2d at 53). In short, "mere conjecture or speculation" that jurisdictional discovery might be fruitful is "insufficient for a court to permit it." <u>Id.</u> (quoting <u>FC Inv. Grp.</u>, 529 F.3d at 1094) (internal quotation marks omitted).

   Duarte has failed to illustrate how the results of jurisdictional discovery might cause the Court to reevaluate its authority to exercise personal jurisdiction over either Defendant. Even after having filed and amended her Complaint, opposed both motions to dismiss, twice moved for leave to amend her Complaint yet again, and filed a reply in support of one of the latter motions, Duarte has not specified how any revelations from jurisdictional discovery might tend to cure the deficiencies outlined above. Her First Request for Admissions to Defendant Nolan— attached without comment to her most recent filing, but ostensibly the very questions she would propound—almost certainly would not. Whether Helix "conducts business in Washington, D.C.," "employs personnel in the District of Columbia," or "maintains an office in Washington,

DC," Pl.'s Reply Supp. Second Mot. Leave Amend Pl.'s First Am. Compl. Ex. 2 ¶¶ 14, 16–17, would hardly establish whether Helix is "essentially at home" in the District, Daimler AG, 134 S. Ct. at 751.  Even an admission that Nolan "has worked for Defendant Helix in Washington, DC" at some point in the past, id. ¶ 10, would not furnish a plausible inference that Duarte's Virginia-based claim against Nolan "ar[ose] from" his transacting business in the District, D.C. Code § 13-423(b).  And that Helix has both sued and been sued in D.C. Superior Court in the past year, see Pl.'s Reply Supp. Second Mot. Leave Amend Pl.'s First Am. Compl. Ex. 1, is scarcely probative of whether the Court may exercise either form of personal jurisdiction against either Defendant.  The Court will accordingly deny Duarte's largely unadorned request for "discovery on the issue of personal jurisdiction so that the . . . questions can be resolved on a fuller record." Pl.'s Opp'n Def. Helix's Mot. Dismiss 8.

### IV.    Conclusion

For the foregoing reasons, the Court will grant both Defendants' motions to dismiss for lack of personal jurisdiction.  A separate Order accompanies this Memorandum Opinion.

                                                                                                CHRISTOPHER R. COOPER
                                                                                                United States District Judge

Date:     May 17, 2016