UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PAMELA DUARTE**,

    Plaintiff,

v.

**MICHAEL EDWARD NOLAN, et al.**,

    Defendants.

Case No. 15-cv-01396 (CRC)

## ORDER

On May 17, 2016, the Court granted both Defendants' motions to dismiss, because Plaintiff Pamela Duarte had failed to plead sufficient facts to enable the Court to exercise general or specific personal jurisdiction over either Defendant. Defendant Michael Edward Nolan, a citizen of California, allegedly struck Duarte's car while working on a project for his employer, Defendant Helix Electric, Inc. ("Helix"), in Richmond, Virginia. Helix was alleged to be a national corporation with its principal place of business in San Diego, California and an office in Northern Virginia. As relevant to the issue of personal jurisdiction, Duarte claimed that Helix maintained a "Contact Us" page with its Chantilly, Virginia office address listed under the descriptor "Washington, D.C."; that its website listed four job openings in "Washington, D.C."; and that Helix had both sued and been sued in D.C. Superior Court in the last year.

The Court declined to exercise general personal jurisdiction over Helix, finding the above allegations far too meager to demonstrate that Helix's affiliations with the District were "so constant and pervasive as to render [it] essentially at home here." Duarte v. Nolan, No. 15-cv-01396 (CRC), 2016 WL 2885872, at *4 (D.D.C. May 17, 2016) (quoting Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014)) (internal quotation marks omitted). The Court also denied as futile

Duarte's motion to conduct jurisdictional discovery, since determining whether Helix "conducts business in Washington, D.C.," "employs personnel in the District of Columbia," or "maintains an office in Washington, DC" would hardly have established whether it was "essentially at home" in the District. Id. at *5. As the Court emphasized, "this standard requires a plaintiff to show more than that a defendant 'engages in a substantial, continuous, and systematic course of business' in a particular state, as many large corporations do throughout the entire nation." Id. at *4 (quoting Daimler AG, 134 S. Ct. at 761); see also Daimler AG, 134 S. Ct. at 761 (rejecting this formula as "unacceptably grasping"); Int'l Shoe Co. v. Washington, 326 U.S. 310, 318 (1945) (stating that "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity"). All-purpose jurisdiction, then, does not exist in every state in which a defendant's business activities are "sizable." Daimler AG, 134 S. Ct. at 761.

Duarte has now moved to alter or amend the Court's order of dismissal, invoking Rule 59(e) of the Federal Rules of Civil Procedure. She asserts that "this Court can exercise general jurisdiction over Defendant Helix based upon . . . newly discovered evidence." Mem. Supp. Pl.'s Mot. Alter Amend J. ("Pl.'s Mot. Alter Amend") 7, ECF No. 20. All of this evidence—for example, that Helix maintains an "Active" status with D.C.'s Department of Consumer and Regulatory Affairs, biennially submits required reports on its organizational structure, and has performed electrical work in the District—would of course tend to show that Helix conducts some "business activity . . . in the District of Columbia." Id. at 9. But the Court plainly held that merely "conduct[ing] business in Washington, D.C." would not satisfy the Supreme Court's more-demanding "at home" standard for exercising general personal jurisdiction. Duarte, 2016 WL 2885872, at *5. Duarte has made no effort to satisfy the standard that the Court must actually apply, despite quoting it at length. As a result, her "newly discovered evidence"—even considered

cumulatively, and charitably assuming its timeliness—could not change the Court's calculus on this point.

Duarte alternatively reargues that D.C. Code § 13-423(a)(4) authorizes the Court to exercise specific personal jurisdiction over Helix. That provision permits personal jurisdiction "as to a *claim for relief arising from*" a defendant's "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business [or] engages in any other persistent course of conduct . . . in the District of Columbia" (emphasis added). This argument is baseless, given that—by Duarte's own admission—"Helix's contacts did not give rise to the claim in the case at hand." Pl.'s Mot. Alter Amend 9. And as the Court also made clear in its previous opinion, Defendants were "alleged to have caused tortious injury *outside* the District," Duarte, 2016 WL 2885872, at *4, not "in the District of Columbia," D.C. Code § 13-423(a)(4).[1]

For the foregoing reasons, it is hereby

**ORDERED** that [20] Plaintiff's Motion to Alter or Amend Judgment be **DENIED**. The Court will accept no further filings in this case.

**SO ORDERED**.


Date:   July 20, 2016

                                                CHRISTOPHER R. COOPER
                                                United States District Judge

---

[1] Because the Court has at all times considered Duarte's most recently proffered allegations in the light most favorable to her, it will not entertain her alternative argument that she was prejudiced by Helix's purported "scheme to defraud the court" through deliberate misrepresentations. Pl.'s Mot. Alter Amend 13.

3